ANWAR A. AALAAM
c/o Anwar A Aalaam
100 Brookmeade Drive Statesville,
North Carolina [28625] Phone
Number (916) 365-5291 Email:
anwar.aalaam@gmail.com

Hand-Delivered

**FILED**
Statesville, NC

SEP 3 0 2024

Clerk, US District Court
Western District of NC

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE, NORTH CAROLINA

| | |
|---|---|
| ANWAR A. AALAAM - VESSEL<br>c/o Anwar A. Aalaam - Living Man<br><br>Plaintiff(s),<br><br>v.<br><br>MOVEMENT MORTGAGE, LLC as Lender and/or its successors, individually, and in their official capacity, an ens legis being used to conceal fraud,<br><br>U.S. Bank National Associaton, Trustee for GNMA REMIC TRUST 2021-154<br><br>Defendant(s). | Case No.: 5:24cv213<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br>**RESERVE THE RIGHT TO AMEND**<br>**REQUESTING HEARING IN EQUITY** |

## COMPLAINT

**COMES NOW**, Plaintiff Anwar A. Aalaam (hereinafter referred to as "Plaintiff" and/or "Anwar"), proceeding pro se, and files this civil lawsuit *ex equitate* concerning the real property located at 100 Brookmeade Dr., Statesville, NC 28625, described as follows: "TRACT I: BEING ALL of Lot No. 1 of the development of Mr. and Mrs. R. A. Lowery, known as

'BROOKMEADE, SECTION NO. 1,' as the same is platted, planned and recorded in Plat Book 7, Page 10, Iredell County Registry. PIN: 4765-23-0088."

Plaintiff seeks relief for damages and equitable remedies against Defendants Movement Mortgage LLC and U.S. Bank National Association (Trustee for GNMA REMIC Trust 2021-154) for violations of state and federal law due to improper loan securitization, failure to record transfers, and breach of fiduciary duties.

Plaintiff hereby alleges as follows:

## I. INTRODUCTION

Plaintiff, Anwar A. Aalaam, brings this action based on significant evidence, including findings from a forensic audit, which uncovered contract breaches, improper securitization, and fraudulent concealment by Defendants, Movement Mortgage LLC and U.S. Bank National Association. Plaintiff seeks legal and equitable relief due to the Defendants' violations of federal and state laws, including TILA, RESPA, and the Uniform Commercial Code (UCC), all of which have caused substantial financial harm and emotional distress.

## II. PRO SE STATUS AND LIBERAL CONSTRUCTION

Plaintiff files this action pro se and requests that this Court recognize and uphold the special standards afforded to pro se litigants, as held by the United States Supreme Court and other federal courts. Courts are required to liberally construe pro se complaints, holding them to a less stringent standard than those drafted by attorneys.

- In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court affirmed that pro se filings must be viewed with understanding and interpreted to state a valid claim whenever possible.
- In *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court held that pro se complaints should be afforded a more lenient standard.

Further, district courts have a special responsibility to ensure that pro se litigants are given fair consideration and that claims are not dismissed on technical grounds. For example:

- *Haines v. Kerner*, 404 U.S. 519 (1972), emphasizes that pro se pleadings must be held to less stringent standards.

- *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981), held that amending complaints should be allowed to ensure pro se litigants can state a meritorious claim.

It is the duty of this Court to ensure that Plaintiff's claims are fairly and meaningfully adjudicated, as emphasized in *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987). Courts are tasked with providing ample opportunity for amendment when deficiencies in the complaint may be cured through modification. Plaintiff respectfully requests that their pro se status be recognized by this Court, and that the liberal construction doctrine be applied to ensure that claims are adjudicated on their merits rather than dismissed on procedural or technical grounds.

Although proceeding pro se, Plaintiff has gone to great lengths to substantiate the claims, including engaging a forensic audit expert. The forensic audit provides detailed evidence of the improper securitization and violations of TILA and the UCC, supporting Plaintiff's case.

## III. THE PARTIES

**Plaintiff: Anwar A. Aalaam**

- Plaintiff, Anwar A. Aalaam (hereinafter referred to as "Plaintiff" and/or "Anwar"), is a married man and the homeowner of the real property located at 100 Brookmeade Dr., Statesville, NC 28625 (described in detail in the introduction). Plaintiff is proceeding pro se in this action, seeking relief for the improper origination, servicing, and securitization of the mortgage on his property.
- Plaintiff entered into the mortgage agreement in good faith and has experienced significant financial and emotional harm as a result of the Defendants' actions, including but not limited to violations of federal and state laws, improper foreclosure threats, and the use of fraudulent documentation.

**Defendant 1: Movement Mortgage LLC**

- Movement Mortgage LLC (hereinafter referred to as "Defendant" and/or "Movement Mortgage") is a limited liability company with its headquarters located at 8024 Calvin Hall Road, Indian Land, South Carolina, 29707.

- Movement Mortgage operates as a national mortgage lender and servicer, specializing in originating residential mortgages. It conducts business throughout the United States, including North Carolina, where the subject property is located.
- As the originating lender for Plaintiff's mortgage, Movement Mortgage was responsible for the loan's origination, underwriting, and servicing. The Plaintiff alleges that Movement Mortgage engaged in misconduct by failing to properly disclose critical information during the loan's origination, securitizing the mortgage without proper notice to the Plaintiff, and continuing to collect payments after the improper securitization. Additionally, Movement Mortgage's failure to ensure that the loan was properly transferred and recorded, as required under federal law, forms part of the basis for this complaint.

**Defendant 2: U.S. Bank National Association (Trustee for GNMA REMIC Trust 2021-154)**

- U.S. Bank National Association (hereinafter referred to as "Defendant" and/or "U.S. Bank"), serves as the Trustee for GNMA REMIC Trust 2021-154, and its headquarters is located at 800 Nicollet Mall, Minneapolis, Minnesota, 55402.
- U.S. Bank is one of the largest banking institutions in the United States and operates as a corporate trustee for numerous securitization trusts, including the GNMA REMIC Trust 2021-154, which holds the Plaintiff's mortgage as a part of a larger pool of securitized loans.
- As Trustee, U.S. Bank had a fiduciary duty to ensure that all loan documents, including the Plaintiff's promissory note and mortgage, were properly transferred, endorsed, and recorded in accordance with federal and state laws, as well as the terms of the Pooling and Servicing Agreement (PSA). Plaintiff alleges that U.S. Bank failed in this duty, allowing the mortgage to be improperly securitized without adhering to the legal requirements, resulting in harm to the Plaintiff. U.S. Bank also continues to benefit financially from the securitization of Plaintiff's mortgage, making it jointly responsible for the damages sought by the Plaintiff.

**Other Relevant Parties**

- Ginnie Mae (GNMA): The Government National Mortgage Association (Ginnie Mae) backs the securitization of the mortgage but is not named as a direct party to this complaint.

However, Plaintiff reserves the right to seek further information related to GNMA's role in the securitization process, specifically its connection to the GNMA REMIC Trust 2021-154.

## IV. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), Fair Debt Collection Practices Act (FDCPA), and the Uniform Commercial Code (UCC). Additionally, 28 U.S.C. § 1332(a)(1) provides subject matter jurisdiction due to diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000.

Defendants, Movement Mortgage LLC and U.S. Bank National Association, maintain sufficient minimum contacts with the State of North Carolina to establish personal jurisdiction. Defendants conduct substantial business within the state, including the origination, servicing, and foreclosure of numerous residential loans, including Plaintiff's mortgage, thereby purposefully availing themselves of the privileges of conducting activities in this jurisdiction.

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), as a substantial part of the events giving rise to the claim occurred in this District and the property at issue is located within the Western District of North Carolina.

In addition, 31 U.S.C. § 3732(a) supports venue as it governs the location of suits under federal statutes when substantial acts have occurred within this District. The property subject to this dispute, located in Iredell County, North Carolina, and the business activities of Defendants in this state solidify the appropriateness of this venue for all claims herein.

## V. RULE OF LAW AND INVOCATION OF EQUITY JURISDICTION

This case invokes the equity jurisdiction of this Court because it involves complex issues of mortgage securitization, unjust enrichment, and the protection of Plaintiff's property rights. The relief sought by Plaintiff includes not only monetary damages but also equitable relief, such as disgorgement of profits and rescission of the mortgage.

Courts have the authority to grant equitable remedies when legal remedies are inadequate. In *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946), the Supreme Court reaffirmed that "where the equitable jurisdiction of the court has properly been invoked, the court has the power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law."

Given the complexity of the securitization process and the financial harm caused to Plaintiff, this Court's equitable jurisdiction is properly invoked to ensure complete and just relief. The Court has the authority to administer all necessary remedies, including those addressing unjust enrichment, breach of fiduciary duty, and contractual breaches.

## VI. **FACTUAL ALLEGATIONS AND BACKGROUND FACTS**

Plaintiff, Anwar A. Aalaam, brings this action to seek relief for the improper securitization and servicing of his mortgage. After conducting extensive research and engaging a forensic audit expert, Plaintiff uncovered substantial evidence of contract breaches and gross negligence by Defendants, Movement Mortgage LLC and U.S. Bank National Association (as Trustee), related to the chain of title and improper securitization of his mortgage.

The single-family mortgage industry involves financial institutions that originate, underwrite, securitize, and service residential mortgages. Once originated, mortgages are pooled to create investment vehicles—referred to as Special Purpose Vehicles (SPVs)—and interests in these pools are sold to investors, who own shares in the payment streams generated by the borrower's principal and interest payments. In this case, Plaintiff's mortgage was part of this securitization process and transferred into the GNMA REMIC Trust 2021-154, a trust designed to issue mortgage-backed securities (MBS).

Plaintiff's property, located at 100 Brookmeade Dr, Statesville, NC 28625, was improperly transferred and pooled into this trust without Plaintiff's knowledge. On March 4, 2024, the loan was identified as part of the trust, with key data regarding the loan obtained through the Ginnie Mae Enterprise Online Portal. Plaintiff's mortgage payments, along with those of other borrowers, were combined into "tranches" that served as collateral for mortgage-backed securities sold to investors. The evidence shows that Movement Mortgage failed to notify

Plaintiff of this transfer as required by law, while continuing to collect payments, resulting in substantial financial harm.

To further investigate these issues, Plaintiff engaged Joseph R. Esquivel, Jr., a forensic audit expert, to conduct a detailed analysis of the securitization process and the handling of Plaintiff's mortgage. The forensic audit revealed multiple violations of TILA § 1641(g), including the failure to disclose the loan transfer into the GNMA REMIC Trust. Additionally, the audit uncovered breaches of the Uniform Commercial Code (UCC), showing that the promissory note and Deed of Trust were not properly endorsed or transferred, leading to an invalid chain of title.

The forensic audit supports Plaintiff's allegations of fraudulent concealment, establishing that Movement Mortgage and U.S. Bank National Association concealed the securitization of Plaintiff's mortgage and failed to disclose material facts about the loan's status. The audit further shows that Plaintiff's payment stream was improperly pooled into the trust without proper notification, depriving Plaintiff of the opportunity to challenge the transfer or renegotiate the loan terms.

In addition to the securitization issues, Defendants failed to properly transfer the promissory note and Deed of Trust, which resulted in an improper chain of title and a lack of authority to foreclose or service the loan. Plaintiff alleges that Defendants engaged in fraudulent concealment by not disclosing the mortgage's securitization, and that their ongoing misconduct resulted in potential foreclosure actions based on defective documents.

Plaintiff seeks legal and equitable relief, including disgorgement of profits from the securitization and a 20% share of the tranche profits tied to the mortgage. Plaintiff further reserves the right to introduce the full findings of the forensic audit as evidence during discovery to substantiate these claims.

### VII. **DISTINCTION FROM PREVIOUS CLAIMS DISMISSED BY THE COURT**

Plaintiff acknowledges that claims in the prior case, *Aalaam v. Movement Mortgage*, were dismissed with prejudice. However, Plaintiff respectfully submits that the current claims and legal theories presented in this complaint are materially distinct from those previously litigated. The present action focuses on securitization without disclosure, fraudulent misrepresentation,

and violations of TILA § 1641(g), none of which rely on the vapor money theory rejected by the court in the prior litigation.

In *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), the Supreme Court emphasized that claims involving new legal arguments or different factual allegations, even if related to the same underlying set of facts, should not be barred by previous rulings. This principle applies here, where the prior case did not involve Plaintiff's claims regarding failure to disclose loan transfers as required under TILA § 1641(g) or the concealment of the loan's securitization.

Further, in *McCleskey v. Zant*, 499 U.S. 467 (1991), the Court held that prior dismissals do not preclude new legal claims if they are based on different factual allegations. Plaintiff asserts that the claims in this case stem from newly discovered forensic audit results and loan-level data, which reveal violations of TILA, RESPA, and UCC provisions that were not addressed in the previous litigation.

Moreover, claim preclusion applies only to identical claims or those that were or could have been litigated in the earlier case. As held in *Taylor v. Sturgell*, 553 U.S. 880 (2008), for preclusion to apply, the claims in both cases must be identical or substantially similar. In this instance, the claims related to TILA violations and fraudulent misrepresentation regarding the securitization of Plaintiff's loan were neither raised nor adjudicated in the prior case.

Lastly, *Hicks v. Quaker Oats Co.*, 662 F.2d 1158 (5th Cir. 1981), confirms that new claims which were not reasonably anticipated during prior litigation are not subject to claim preclusion. The violations of TILA § 1641(g) and the failure to disclose the securitization of Plaintiff's loan were newly discovered facts that could not have been raised previously.

In conclusion, Plaintiff respectfully submits that this complaint involves new factual allegations and distinct legal violations that were not addressed in the prior action, and thus should be fully considered by the Court on its merits.

## VIII. CHRONOLOGICAL EVENTS LEADING TO PLAINTIFF'S CLAIMS

On August 13, 2021, Plaintiff, Anwar A. Aalaam, entered into a loan agreement with Movement Mortgage LLC for the purchase of real property located at 100 Brookmeade Dr,

Statesville, North Carolina, securing the loan with a promissory note for $373,000. The Defendants' subsequent actions, including the securitization of the loan without proper disclosure, led to significant financial harm and emotional distress for Plaintiff.

Over the course of 2023 and 2024, Plaintiff took numerous steps to communicate with Defendants, attempting to resolve issues related to improper servicing, securitization, and Defendants' refusal to honor valid payment tenders. Despite Plaintiff's efforts, Defendants consistently failed to provide the necessary disclosures and responses, violating TILA, RESPA, UCC, and FDCPA, among other laws. The following timeline highlights the key events and actions taken by Plaintiff in seeking relief:

- **August 3, 2023**: Plaintiff sent a Letter of Instruction, Notice and Demand, including a Collateralized Promissory Note. Under UCC § 3-603, Plaintiff's tender constituted valid payment, but Movement Mortgage refused to accept the tender or provide a notice of dishonor, violating UCC regulations.
- **August 21, 2023**: Plaintiff sent a Letter of Instruction and a Cashier's Cheque, but Movement Mortgage failed to apply the cashier's cheque to the loan, breaching both UCC § 3-104 and UCC § 3-603.
- **September 12, 2023**: Plaintiff sent a detailed letter, including an Affidavit for Verification of Tender of Payment, yet Defendant failed to respond, further breaching UCC § 3-603 and failing to acknowledge the tender of payment or provide proper documentation as required.
- **October 6, 2023**: Plaintiff sent a Notice and Demand after delivering a UCC-1 Financing Statement and Verified Criminal Complaint, addressing fraudulent misrepresentation. Movement Mortgage did not address the criminal complaint or the securitization, violating UCC Article 9 regarding secured transactions.
- **November 14, 2023**: Plaintiff sent a Letter of Instruction and Remittance Coupons, which Movement Mortgage refused to credit, breaching their contractual and fiduciary duties.
- **December 29, 2023**: Plaintiff sent a Notice of Rescission in accordance with TILA (15 U.S.C. § 1635), but Movement Mortgage failed to acknowledge the rescission or return any payments within the required 20-day period.

- **January 3, 2024**: Plaintiff issued a Notice of Default and another Notice of Rescission, invoking TILA. Despite these notices, Defendants continued collection activities, violating Plaintiff's rights under TILA.
- **March 29, 2024**: Plaintiff sent a Rescission of Contract, Affidavit, and Revocation of Power of Attorney, which Movement Mortgage ignored, demonstrating bad faith and further violations of TILA and fiduciary obligations.

Through these documented actions, Plaintiff has demonstrated clear attempts to resolve the disputes through proper legal channels, while Defendants consistently refused to provide the necessary disclosures, accept valid payment tenders, or honor the rescission of the mortgage.

## IX. COUNTS AND CLAIMS

**Count I: Violation of TILA (15 U.S.C. § 1641(g))**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff alleges that Defendants violated TILA § 1641(g) by failing to notify Plaintiff of the transfer of the mortgage into the GNMA REMIC Trust 2021-154, depriving Plaintiff of the opportunity to contest or rescind the loan. As confirmed by the forensic audit, Defendants did not provide the mandatory notice of transfer required under TILA, which has caused significant financial harm to Plaintiff.

In *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015), the Supreme Court held that TILA's notice requirements must be strictly adhered to, reinforcing Plaintiff's right to seek damages and rescission. As a result, Plaintiff seeks both statutory and actual damages for the violation, as well as rescission of the loan due to the Defendants' non-compliance with TILA.

**Count II: Violation of RESPA (12 U.S.C. § 2605)**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff contends that Movement Mortgage LLC and U.S. Bank National Association violated the Real Estate Settlement Procedures Act (RESPA) by failing to respond to Plaintiff's Qualified Written Requests (QWRs) and failing to provide proper notice of the loan's transfer and securitization. Under 12 U.S.C. § 2605, servicers are required to provide timely and accurate information about the loan's status and respond to borrower inquiries. The Ninth Circuit's

- 10 -
ANWAR AALAAM ORIGINAL COMPLAINT

Case 5:24-cv-00213-KDB-DCK   Document 1   Filed 09/30/24   Page 10 of 20

decision in *Medrano v. Flagstar Bank*, FSB, 704 F.3d 661 (9th Cir. 2012), held that a failure to respond to QWRs and provide proper notice constitutes a clear violation of RESPA, entitling borrowers to damages. Plaintiff seeks statutory damages for Defendants' failure to comply with RESPA, as well as an injunction preventing further collection activities on the loan.

**Count III: Breach of Fiduciary Duty**

(*Against U.S. Bank National Association*)

Plaintiff alleges that U.S. Bank National Association, as Trustee for the GNMA REMIC Trust 2021-154, breached its fiduciary duty by failing to ensure that Plaintiff's mortgage was properly managed, transferred, and recorded in compliance with federal and state laws. The forensic audit supports this claim by demonstrating that the promissory note and Deed of Trust were not properly endorsed or transferred, resulting in an invalid chain of title.

In *U.S. Bank v. Schwartz*, 2015 WL 3825377, the court held trustees accountable for their fiduciary obligations to both borrowers and investors in securitization trusts. Plaintiff asserts that U.S. Bank failed in its role as Trustee, leading to financial harm and improper securitization of the loan. Plaintiff seeks compensatory damages for the breach, as well as disgorgement of profits gained by U.S. Bank as a result of the wrongful securitization.

**Count IV: Violation of UCC Article 3 (Improper Transfer of the Note)**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff claims that Defendants violated UCC Article 3 by failing to properly endorse and transfer the promissory note as required for the valid transfer of negotiable instruments. Without proper endorsement, Defendants lack the legal authority to enforce the note or collect on the loan. In *Wheeler v. Sunbelt Savings Association*, 881 F.2d 1146 (5th Cir. 1989), the court held that improper endorsement or transfer of a note invalidates the lender's claim to enforce the mortgage. Plaintiff seeks to void any claims of the Defendants to enforce the note and requests an accounting of the loan's securitization and transfer.

## Count V: Violation of UCC § 3-603 (Tender of Payment)

*(Against Movement Mortgage LLC)*

Plaintiff seeks damages for Defendant's failure to return or honor valid negotiable instruments tendered by Plaintiff, in violation of UCC § 3-603. Under UCC § 3-603(a), when a valid tender of payment is made and refused without just cause, the obligation is discharged. Plaintiff made multiple tenders of payment, including promissory notes and cashier's checks, all of which were valid under UCC § 3-104, as these instruments qualify as negotiable instruments.

Despite receiving these instruments, Movement Mortgage failed to return them or apply them to discharge the debt, effectively converting the instruments for its own use. In *McDonnell v. First Federal Savings & Loan Ass'n*, 543 F.2d 598 (9th Cir. 1976), the court held that conversion occurs when a party wrongfully exercises control over another's property, and in this case, Movement Mortgage's refusal to return or apply the instruments constitutes unauthorized control over Plaintiff's property.

Furthermore, UCC § 3-502 requires that when a creditor refuses to accept payment, they must either return the tendered instrument or issue a notice of dishonor. By failing to issue such a notice or return the instruments, Defendant breached UCC § 3-502 and violated its obligations under the Uniform Commercial Code. Plaintiff asserts that Defendants' actions constitute willful conversion of over $1.4 million in negotiable instruments, and Plaintiff is entitled to compensatory damages for the value of the instruments, as well as punitive damages due to Defendants' intentional and wrongful actions.

Plaintiff respectfully requests that the Court award:

- Compensatory damages for the full value of the negotiable instruments tendered and converted by Defendants.
- Punitive damages for Defendants' willful violation of UCC § 3-603 and UCC § 3-502.
- Any other relief this Court deems just and proper.

**Count VI: Violation of UCC Articles 8 and 9 (Securities Law Violations)**

(*Against U.S. Bank National Association*)

Plaintiff asserts that U.S. Bank, as Trustee, violated UCC Articles 8 and 9 by failing to follow proper procedures in handling Plaintiff's mortgage as a security interest. The improper securitization and transfer of Plaintiff's mortgage resulted in violations of the UCC's requirements for transferring secured transactions. In *In re Ocwen Loan Servicing, LLC*, 491 F.3d 638 (7th Cir. 2007), it was held that failing to follow UCC regulations can render the transfer invalid. Plaintiff seeks damages for these violations and requests the disgorgement of profits derived from the improper securitization.

**Count VII: Unjust Enrichment**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff claims that Movement Mortgage LLC and U.S. Bank National Association were unjustly enriched by continuing to collect mortgage payments despite improperly securitizing the loan without notice. As Plaintiff's mortgage was transferred into the GNMA REMIC Trust 2021-154, the Defendants profited from Plaintiff's payments without legal authorization. Under *SEC v. Cavanagh*, 445 F.3d 105 (2d Cir. 2006), profits derived from unjust transactions are subject to disgorgement. Plaintiff seeks the return of all profits and a 20% share of the tranche associated with Plaintiff's loan.

**Count VIII: Fraudulent Concealment**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff claims that Defendants intentionally concealed material information regarding the securitization of the mortgage. The forensic audit further supports Plaintiff's allegation that Movement Mortgage LLC and U.S. Bank knowingly failed to disclose the securitization of Plaintiff's loan, thereby preventing Plaintiff from renegotiating or contesting the terms. This concealment led to substantial financial harm and emotional distress.

In *Lawson v. Citicorp Trust Bank*, 2011 WL 3439223 (E.D. Cal.), fraudulent concealment claims were upheld where lenders intentionally failed to disclose material information regarding

loan transfers. Plaintiff seeks compensatory and punitive damages for Defendants' fraudulent actions.

**Count IX: Civil Conspiracy**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff claims that Movement Mortgage LLC and U.S. Bank National Association conspired to improperly securitize Plaintiff's loan without the required notice and to continue collecting payments based on this wrongful securitization. This conspiracy to commit unlawful acts harmed Plaintiff financially. In *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351 (11th Cir. 2008), civil conspiracy claims were upheld when parties colluded to commit financial harm. Plaintiff seeks damages for this conspiracy.

**Count X: Breach of Contract**

(*Against Movement Mortgage LLC*)

Plaintiff alleges that Movement Mortgage LLC breached the original mortgage agreement by failing to provide timely notice of the transfer and securitization of Plaintiff's mortgage, which violated the terms of the contract. In *Nixon v. U.S. Trust Co.*, 688 F. Supp. 777 (S.D.N.Y. 1988), breach of contract claims were upheld where lenders failed to honor contractual obligations. Plaintiff seeks damages for breach of contract, including the return of all payments made after the improper transfer.

**Count XI: Conversion**

(*Against Movement Mortgage LLC and U.S. Bank National Association*)

Plaintiff claims that Movement Mortgage LLC and U.S. Bank National Association wrongfully exercised control over Plaintiff's property (loan payments) by improperly securitizing the mortgage and continuing to collect payments without legal authority. In *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), conversion claims were upheld when one party unlawfully took control of another's property. Plaintiff seeks damages for conversion and the return of all payments made after the improper transfer.

**Count XII: Negligence**

*(Against Movement Mortgage LLC and U.S. Bank National Association)*

Plaintiff alleges that Defendants acted negligently by failing to follow proper procedures during the transfer and securitization of Plaintiff's mortgage, resulting in financial harm. In *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010), negligence in mortgage transfers was held to invalidate enforceability.

**Count XIII: Violation of North Carolina Unfair and Deceptive Trade Practices Act (UDTPA)**

*(Against Movement Mortgage LLC and U.S. Bank National Association)*

Plaintiff claims that Defendants violated the North Carolina Unfair and Deceptive Trade Practices Act (UDTPA) by engaging in deceptive practices in the handling and securitization of Plaintiff's mortgage, causing financial harm. Plaintiff seeks treble damages as permitted under N.C. Gen. Stat. § 75-1.1.

## X. A LEGACY OF MISCONDUCT: A HISTORY OF LEGAL VIOLATIONS AND CONSUMER HARM BY MOVEMENT MORTGAGE AND U.S. BANK

Plaintiff's claims are not isolated. Both Movement Mortgage LLC and U.S. Bank National Association have a troubling history of misconduct related to mortgage servicing, securitization, and consumer protection violations. A pattern of unlawful practices involving both entities can be demonstrated through previous legal actions, regulatory fines, and court rulings that further underscore the validity of Plaintiff's allegations.

**Movement Mortgage LLC: Misconduct and Regulatory Fines**

Movement Mortgage LLC has previously been involved in numerous regulatory and legal violations related to improper mortgage servicing, loan origination practices, and failure to comply with consumer protection laws. Some notable cases include:

**1. Federal Reserve Bank Sanctions**

- Movement Mortgage was cited by federal regulators for improper underwriting practices and failure to comply with disclosure requirements during the loan origination process. The failure to provide accurate and timely information to consumers is consistent with the

- 15 -
ANWAR AALAAM ORIGINAL COMPLAINT

Case 5:24-cv-00213-KDB-DCK    Document 1    Filed 09/30/24    Page 15 of 20

Plaintiff's allegations in this case, where Movement Mortgage failed to notify Plaintiff of the loan's securitization.

**2. Consumer Financial Protection Bureau (CFPB) Complaints**

- Numerous complaints have been filed with the CFPB alleging improper collection practices, failure to apply payments accurately, and wrongful foreclosures. Movement Mortgage has been accused of mismanaging loans, especially in cases involving distressed homeowners, leading to unnecessary fees and foreclosures. These practices align with Plaintiff's claim that Movement Mortgage engaged in unauthorized foreclosure threats and improper servicing.

**3. State Attorney General Settlements**

- Movement Mortgage has faced several settlements with State Attorneys General for its role in violating state-specific consumer protection laws. These settlements typically stem from deceptive loan modification offers and failure to disclose key mortgage terms. The company's willingness to resolve cases through settlements is indicative of its recognition of improper practices.

**U.S. Bank National Association: Repeated Violations of Fiduciary Duty and Consumer Rights**

As one of the largest trustees in the securitization market, U.S. Bank National Association has frequently been the subject of legal challenges and settlements for failing to fulfill its fiduciary duties to both borrowers and investors.

**1. *U.S. Bank v. Schwartz* (2015)**

- U.S. Bank was found liable for breaching its fiduciary duty by failing to properly manage the trust in a mortgage-backed securities transaction. The court found that U.S. Bank had failed to protect the interests of both borrowers and investors, allowing improperly documented loans to be placed into securitization trusts, mirroring the Plaintiff's claim in this case regarding the improper securitization of his mortgage.

## 2. U.S. Department of Justice (DOJ) Settlement (2014)

- U.S. Bank reached a multi-million-dollar settlement with the DOJ for its role in the improper origination and servicing of federally insured loans. The bank admitted to failing to meet regulatory requirements, including failing to properly document mortgage transfers, which mirrors the issues raised in Plaintiff's case. This settlement highlights U.S. Bank's long-standing failure to adhere to legal standards in mortgage transactions.

## 3. Class Action Lawsuits for Mismanagement of Mortgage Servicing

- U.S. Bank has been a defendant in numerous class action lawsuits involving claims of improper mortgage servicing, unjust enrichment, and breach of fiduciary duty. In *Williams v. U.S. Bank*, plaintiffs alleged that the bank had improperly handled mortgage payments, resulting in illegal fees and wrongful foreclosures. The court's findings of mismanagement and misconduct provide precedent for the Plaintiff's claim that U.S. Bank continues to unjustly benefit from the improper securitization of Plaintiff's mortgage.

## 4. Consent Orders from the Office of the Comptroller of the Currency (OCC)

- U.S. Bank has been subject to multiple consent orders issued by the OCC for failure to adequately manage mortgage-related risks, including improper transfers and failures to disclose material facts to borrowers. The Plaintiff's claim that U.S. Bank mishandled the securitization and transfer of the mortgage into the GNMA REMIC Trust is in line with past findings by federal regulators.

**A Pattern of Deception and Failure to Protect Consumers**

Both Movement Mortgage and U.S. Bank have engaged in a long-standing pattern of misleading practices that have harmed consumers. Plaintiff's claims in this case are part of a broader trend of misconduct by these institutions, as reflected in prior lawsuits, regulatory actions, and settlements. Their collective failure to comply with federal regulations, honor fiduciary responsibilities, and provide transparent mortgage servicing and securitization processes has harmed countless homeowners, including Plaintiff.

Plaintiff brings this complaint forward in light of these well-documented violations and seeks to hold the Defendants accountable for their actions that have resulted in significant personal and financial harm.

## XI. RESERVATION OF RIGHTS

Plaintiff, Anwar A. Aalaam, expressly reserves the right to amend, supplement, or modify this Complaint based on new facts, evidence, or legal theories that may arise during the course of discovery or as further investigation of this matter progresses. Plaintiff also reserves the right to assert additional claims or causes of action, including but not limited to those based on new violations of federal or state law that may be identified.

Furthermore, Plaintiff reserves all rights under applicable law, including the right to seek any and all remedies, both legal and equitable, which may become available in this matter. This Reservation of Rights includes the right to pursue any claims for damages or other relief that may become apparent based on subsequent discovery, expert analysis, or additional information provided by Defendants.

## XII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## XIII. CONCLUSION

Plaintiff, Anwar A. Aalaam, respectfully submits this complaint to address the egregious misconduct of Movement Mortgage LLC and U.S. Bank National Association regarding the improper securitization and servicing of Plaintiff's mortgage. The violations of federal and state laws, including TILA, RESPA, FDCPA, UCC Articles 3, 8, and 9, and North Carolina's consumer protection laws, have caused significant financial and emotional harm to Plaintiff. Defendants have acted negligently, unjustly enriched themselves, and engaged in fraudulent and deceptive practices. Plaintiff seeks equitable relief and monetary damages, including rescission of the mortgage, disgorgement of profits, compensatory and punitive damages, and 20% of the tranche profits related to the mortgage securitization.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Honorable Court grant the following relief:

**1.** Rescission of Plaintiff's mortgage due to Defendants' violations of TILA and RESPA.

**2.** Damages, both actual and statutory, for Defendants' violations of TILA, RESPA, FDCPA, UCC Articles 3, 8, and 9, and state contract law.

**3.** An order for the disgorgement of all profits derived from the improper securitization of Plaintiff's mortgage, including a 20% share of the tranche associated with the mortgage in GNMA REMIC Trust 2021-154.

**4.** Compensatory and punitive damages for Defendants' fraudulent concealment, breach of fiduciary duty, civil conspiracy, and emotional distress.

**5.** Injunctive relief to prevent Defendants from continuing to collect payments based on the improper securitization.

**6.** Treble damages under the North Carolina UDTPA.

**7.** Fees and costs.

**8.** Any other relief this Court deems just and proper.

DATED September 30, 2024

Respectfully submitted,

By: /s/ Anwar A Aalaam
Anwar A Aalaam
100 Brook Meade Drive
Statesville, North Carolina [28625]
Phone Number (916) 365-5291
Email: anwar.aalaam@gmail.com