IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00213-KDB-DCK

| | |
|---|---|
| ANWAR A. AALAAM, <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK, NATIONAL ASSOCIATION AND MOVEMENT MORTGAGE, LLC, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 16, 19) and Plaintiff's Motion to Stay Foreclosure Proceedings (Doc. No. 29). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed briefly below, the Court will **GRANT** the motions to dismiss and **DENY** as moot Plaintiff's motion, which only sought to stay foreclosure proceedings until the resolution of this litigation, which is concluded by this Order.

This lawsuit embodies Mr. Aalaam's second attempt to avoid paying the residential mortgage loan he obtained on property located in Statesville, North Carolina. *See Aalaam v. Movement Mortg., LLC*, No. 5:24-CV-00127-KDB-DCK, 2024 WL 3894064, at *1 (W.D.N.C. Aug. 21, 2024). This Court dismissed the first action with prejudice, concluding that "this is a frivolous action in which Plaintiff asserts claims that have no merit and have been routinely rejected by numerous courts." *Id*. Even assuming that the claims in this action are not precluded by that earlier action, Plaintiff's claims here of a similar nature and must meet the same fate. In summary, Plaintiff contends that through the routine securitization of his loan, Defendants violated

1

multiple federal statutes, committed fraud, and are liable on numerous other legal theories. However, these claims have no merit and have been debunked and regularly rejected by other courts, as detailed in the Defendants' memoranda of law in support of their motions. Therefore, all of Plaintiff's claims will be dismissed with prejudice, and Plaintiff will be required to present for "pre-filing" review any further legal actions related in any manner to the residential loan transaction on the property located at 100 Brookmeade Drive, Statesville, North Carolina.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under

Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.  DISCUSSION

On August 13, 2021, Plaintiff purchased property located at 100 Brookmeade Drive in Statesville, North Carolina (the "Property"), which is secured by a mortgage ("Mortgage") originated, underwritten, and serviced by Defendant Movement Mortgage. (Doc. No. 1 at 4, 6, 8–9.) Plaintiff claims that the Mortgage was then put into a pool of securitized loans as part of the GNMA REMIC Trust 2021- 154, for which Defendant U.S. Bank served as trustee. (*Id*. at 4, 6.) Plaintiff contends that neither Movement Mortgage nor U.S. Bank informed Plaintiff of the securitization. (*Id*. at 6.) He also alleges that Defendants "failed to disclose material facts about the loan's status" and "failed to properly transfer the promissory note and Deed of Trust." (*Id*. at 7.) Based on these allegations, Plaintiff filed a Complaint in this Court on September 30, 2024, asserting thirteen different claims, including, but not limited to, violations of the TILA, 15 U.S.C. § 1641(g); violations of the RESPA, 12 U.S.C. § 2605; breach of fiduciary duty; violations of Articles 3, 8 and 9 of the UCC; fraudulent concealment; negligence; and violations of the UDTPA. (*See* Doc. No. 1 at 10–15.)

All of Plaintiff's claims fail for the overriding reason that "as a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan." *Mori El v. Nationstar Mortg*., No. 1:19cv218, 2019 WL 3779552, at *5 (M.D.N.C. Aug. 12, 2019) (quoting *Young v. Ditech Fin., LLC*, Civ. Case No. 16-3986, 2017 WL 3066198, at *7 (D. Md. July 19, 2017)). In other words, securitization is "not some sort of illicit scheme that taints the underlying debt." *Young*, 2017 WL 3066198, at *7. Also, a

"[p]laintiff lacks standing to assert claims challenging the securitization of [a] home loan because [plaintiff is not] part[y] to the pooling and servicing agreements through which the securitizations are documented." *Forbes v. Atl. Bay Mortg. Grp.*, No. 5:24-CV-00048-KDB-SCR, 2024 WL 3837902, at *1 (W.D.N.C. Aug. 14, 2024).

This conclusion is widely supported in numerous other cases. *See, e.g., Williams v. Bank of Fayette Cnty.*, No. 2:24-cv-02216-SHM-cgc, 2024 WL 4529584, at *3 (W.D. Tenn. Oct. 18, 2024) ("There is no legal authority supporting Plaintiff's proposition that a loan becomes unenforceable when securitized."); *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 463 (E.D. Va. 2017) ("[S]ecuritization does not relieve a borrower of her mortgage obligations . . . ."); *Webb v. Equifirst Corp.*, No. 7:15-cv-00413, 2016 WL 1274618, at *5 (W.D. Va. Mar. 31, 2016) ("The [plaintiffs] appear to contend that interests cannot be, or were not, transferred properly during the securitization process. . . . But there is nothing inherent in securitization that alters the [plaintiffs'] obligations under their Note or prevents a purchaser of the Note from enforcing it."); *Hernandez v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-7950 (WJM), 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) ("[T]he securitization of a loan does not provide plaintiff with a cause of action."). Again, all of Plaintiff's claims rest on the premise that the securitization of the Mortgage without notice was unlawful. Because Plaintiff is incorrect as a matter of law on that core allegation, all of Plaintiff's claims must be dismissed, with prejudice.[1]

Finally, in light of Plaintiff's multiple frivolous actions, the Court will impose a pre-filing review system on any future claims related to the loan at issue. Pursuant to Rule 11, the Court may

---

[1] As detailed by Defendants in their respective memoranda in support of their motions (Doc. Nos. 16-1, 20, 25, 26), there are independent reasons why each of Plaintiff's claims should be dismissed. The Court will not repeat all those points here, but does note that they provide ample additional grounds for the dismissal of Plaintiff's claims.

4

impose sanctions to deter abusive litigation tactics. See Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id*. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting *Black v. New Jersey*, No. 7:10-CV-57-F, 2011WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to Plaintiff's history of frivolous, vexatious, and duplicative litigation in this Court, the Court previously concluded that the imposition of a pre-filing review system is warranted. *See Aalaam v. Conley*, No. 5:24-CV-00225-KDB-DCK, 2024 WL 4536476, at *3 (W.D.N.C. Oct. 21, 2024), and Plaintiff has had an opportunity to respond to the Court's

finding. *See Aalaam v. Conley*, No. 5:24-CV-00225-KDB-DCK at Doc. No. 5 (arguing that his filed claims are not frivolous, a conclusion with which the Court does not agree). Taking into account all the relevant circumstances, including Plaintiff's filing of repeated motions for reconsideration in the earlier action against Movement Mortgage, the Court remains concerned that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system. Therefore, the Court will impose a pre-filing review system upon all future filings from him related in any way to his residential Mortgage on the Property. Specifically, the Court will order that all documents submitted by the Plaintiff in the future so related will be pre-screened by the Court for content, and any proposed filings that are not made in good faith or which lack substance or merit may be returned to the Plaintiff without further explanation. The limited scope of this review system "will allow Plaintiff to have access to the Courts for his legitimate concerns but will prevent him from usurping the Court's resources with [] baseless submissions." *See Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *3 (W.D.N.C. July 3, 2012).

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Doc. Nos. 16, 19) are **GRANTED**;

2. Plaintiff's Motion to Stay Foreclosure Proceedings (Doc. No. 29) is **DENIED** as moot;

3. The Clerk is directed to close this matter in accordance with this Order; and

4. A pre-filing review system is hereby imposed, and all documents submitted by the Plaintiff in the future related in any way to his residential Mortgage on the Property, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in

6

good faith or which lack substance or merit may be returned to the Plaintiff without further explanation.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 12, 2025

Kenneth D. Bell
United States District Judge